Thank you your honor and good afternoon good afternoon counsel may it please the court Ryan Poole on behalf of the plaintiff appellant mr. Juana Spencer I would request reservation of seven minutes for rebuttal this case is on appeal from a summary dismissal by the district court of all of mr. Spencer's issue of finding a probable cause and its relationship to the materiality elements of a judicial deception claim additionally there was error because mr. Spencer was deprived of any opportunity to conduct meaningful necessary and material discovery and here we are mr. Spencer was unconditionally unconstitutionally denied and his due process rights he was denied equal protection his Fourth Amendment rights were violated and he was targeted unconstitutionally for enforcement prosecution by appellees evidence presented to the district court established all of his claims both with regard to a summary judgment question or alternatively with regard to a federal rule 12 b6 question procedurally there are some dates that are important as a preface to some of the issues relating discovery in particular discovery was propounded on August 1 2019 there were motions filed shortly thereafter on August 9 there was a motion to dismiss from appellees Evans and Spokane County in August 12 there was a motion for summary judgment filed by the appellees detective web sock and the city of Spokane the discovery motion was responded to by mr. Spencer on August 26th requesting relief and an opportunity to pursue discovery in respects relating to all appellees and subsequently relief was also specifically requested under federal rule 56 e the response to the rule 12 motion was filed August 30th and the response to the motion for summary judgment was filed September 3rd why that's important is because there are claims of production that occurred thereafter on the eve of the hearing the hearing was held on October 1st and the decision here on appeal was rendered shortly thereafter the issue of discovery does have a standard of review element because it is a de novo review in this case due to there being both motion pending that was not ruled on which was the stay motion and the request in opposition for an opportunity to conduct discovery as well as the request for relief under rule 56 D which was never ruled upon until after a conclusion was made about summary judgment those points are key because they required de novo review of that decision with her can you explain what this discovery you are seeking it was going to be relevant to in your view it like for in particular I have trouble seeing if we think there was probable cause there was already evidence to support probable cause here how would further discovery possibly change that well if the probable cause is measured by too fine an instrument we leave out the full spectrum of the claims and the facts relating to those claims so there was conduct there is information yet to be found out about relating to conduct that took place after January 16th as an example where it's been admitted by appellees that any alleged probable cause dissipated or was destroyed by the information that at that point became abundantly clear that there was no probable cause so I think they stopped prosecuting but that doesn't mean they ever admitted there was no probable cause well the arguments to the court including those to this court described a narrative where there was advocacy on behalf of mr. Spencer occurring as of January 16th and going forward that is a false claim of advocacy because it runs contrary to these statements made in the sworn affidavit by a Pele detective web sock dated May 4 which actually outlines a series of unconstitutional searches and threatens charges against mr. Spencer and his wife there was a clear break as January 16th that there was no probable cause existing thereafter the prosecution continued until the end of February which also creates another issue for discovery as it would relate to the communications between appellees County and and prosecutor Evans what changed in January that showed that there couldn't have been probable cause against both your client and his lawyer the abundance of communication from then and former attorney mr. Kondratowicz that had the explicit statements showing fraud and misrepresentation on his part that was unknown to mr. Spencer and his wife so the victim status of the Spencers was already present prior to January 16th but it became abundantly clear then and thereafter so discovery relating to this spectrum of issues in particular also ms. Berger of mr. Spencer's bank by way of Ellie mr. detective website where he makes statements about what this ms. Berger told him which run contrary to explicit statements made by that same institution in both writing and via audio messages which we presented to the court showing that either there is something going on internally and consistent with the bank's response to the fraud and identity theft concerns that were raised in 2017 by the Spencers with law enforcement but mr. excuse me appellee detective web socks statements with regard to ms. Berger are directly contrary we have no other evidence of that other than his version of what she said so an opportunity to discover her testimony on that issue would prove out that question on falsity which that relates to the equal protection claims and the intentional deception there as well as the deception and what knowledge he had independent of subjective objective analysis under probable cause but it relates to what knowledge he had as he to prosecute mr. Spencer so council you mentioned the May 4th investigation I think it's called the statement of investigating officer dated May 4th and you referenced a moment ago that there was a threat of arrest that was present where in the record does it show that the your clients yet that your client was aware of the May 4th investigation report or that he had been threatened with further arrest if I said threatened with further arrests that perhaps is me misspeaking but the outlining of the searches the determination about what those facts provide with regard to potential charges against mr. Spencer and his wife the it was charges not arrest but was he subject to actual threats or a threatening behavior with regards to potential charges or is it simply that charges have not yet been decided upon well mr. Spencer was definitely not at ease with the dismissal of charges at the end of February being without prejudice and detective Lebsack's conduct with regard to searches continuing against the Spencers in particular email accounts and email communications so search warrants were still being used under those false statements of facts as searches against him as we relate to that May 4 affidavit which specifically enumerates how the facts and detective Lebsack's view relate to charges that could be brought against mr. Spencer which contradicts the overwhelming evidence known to him about mr. Spencer's innocence and the singular culpable by mr. Kondratowicz so what would mr. Spencer have known about searches between February and May that would tell him that he was the target as opposed to his lawyer was the target and he just might have evidence against the lawyer that they wanted to search again getting no confirmation that there would not be can even again an arrest the dismissal without prejudice means that they are is available to law enforcement and the prosecution to renew charges or bring different charges and considering the duress the toll an injury that occurred prior to the dismissal of those charges it hung like a cloud over him I believe also the record indicates that those that affidavit shows that those searches continuing were of records that mr. Spencer would be aware of them conducting that activity again his email accounts and financial institutions and again if we back up we have the issue of January 16th to February 27th 28th 27th I that span of time was also a high stress and injurious period of time where again probable cause had been destroyed and had dissipated and that activity continued and this is all these are all fact issues and law that were not confronted analyzed or discussed by the district court so on that issue of November 30 2017 were the police report was made by Superior Court judge in Spokane County that had been presiding over a civil case that mr. Spencer had pending against a variety of defendants relating to a home purchase of those defendants were Marie Pence and her husband both of which were former law and police department they were colleagues of detective Lebsak and the police chief and there's evidence thus far in the record showing that there was a friendly relationship between detective Lebsak and mr. Pence but that litigation was underway and the forged order came to light there was a show hearing on November 30 2017 which then attorney for mr. Spencer mr. Kondratowicz did not show at that hearing police report was made immediately thereafter naming mr. Kondratowicz as a suspect going forward approximately a week the information is acquired by detective Lebsak and he of time from the end of November until mid-may no action was taken to prosecute mr. Kondratowicz and in fact no efforts were undertaken to even investigate mr. Kondratowicz until communication from mr. Spencer's counsel to the county triggered a cover-up a fix but why is it why is that so unreasonable I mean the detective made clear that the reason why he focused on mr. Spencer first was he was the one with the financial motive he was the one who sent the facts so what why why is that such an unreasonable thing for the detective to have done to potentially flip him against Kondratowicz yeah I definitely appreciate the concurrent or strategic choice about investigating but the problem here is that expressed in the January 5th certificate sworn to by a Pele prosecutor mr. Evans outlined falsely that there was a risk with regard to evidence that evidence could be destroyed that was material so an expression that mr. Spencer was at risk of destroying evidence material to their case runs directly contrary to the notion that they were biding their time to somehow investigate mr. Kondratowicz because the pleading itself that was at issue was on his pleading paper so I don't believe that they can actually have it both ways that is a nice theory to suggest that it's just a sequential effort in order to secure the right perpetrator but the problem is here they made statements that were directly contrary to that and undermine that because they are concerned with mr. Spencer being a risk to evidence if the allegation is that a allegation if somebody's willing to forge a document ie evidence why is it unreasonable to say well that person may also have the ability or willingness to tamper with evidence right my commentary was on the point about it being merited that there was a sequential investigation that was planned out and that mr. Kondratowicz was going to be an eventual target there's no evidence supporting that rather they targeted him to be right I mean why isn't it reasonable to start with the person who sends the facts of the forged document who has the financial motive you can at least start with that person that's really the only step they need is that it's reasonable to start with him right well actually with regard to the forgery charge motive is not the operative element it's specific intent and knowledge and if we look at the original filed sworn statements of January 2nd January 5th of the appellees they actually never state evidence material to those elements so the motivation is actually undermined by the evidence they were aware of with regard to mr. Spencer from the file there is not a financial advantage to mr. any kind when you have a relatively low value case on appeal and you have a supersedis bond available to you the the financial advantage calculus never gets to a place where that's actually real I was just gonna comment I think you're down to two minutes 40 seconds and you initially said you wanted to save much more time than that for I did I appreciate that your honor and I'll reserve my remaining time thank you for your planning purposes we'll add an extra two minutes to your rebuttal time thank you your honor okay so now was there an agreement between mr. Kirkpatrick mr. McFarland which of you speaks first yes your honor unless the court has a preference mr. Kirkpatrick and I nominated me to speak first you've got it thank you your honor may it please the court Mick McFarland on behalf of detective Lebsack and the city of Spokane I want to briefly touch on the discovery issue because there was a argument made that the trial court did not resolve pending discovery motions and I don't think that is accurate at least as it relates to my clients the chronology that mr. pool explained as far as the filing of the motions and discovery left off that my clients did provide discovery answers on September 19th of 2019 which of course was 10 days or 12 days before the summary judgment hearing those discovery answers were supplemented on September 27 2019 and I believe in total there were over 5,000 pages of documents responsive to requests for production that were produced with those discovery answers and that is relevant because first of all mr. Spencer had those documents and had those discovery answers prior to the summary judgment hearing and long before the summary judgment order was issued and judge Peterson at the hearing specifically addressed the FRCP 56 D continuance motion and asked counsel the exact same question that judge Freeland asked today and that is what additional discovery do you believe is necessary in order to oppose summary judgment and counsel answered judge Peterson as he did today but what he was not able to answer and what he is unable to answer today is how that additional discovery would have made any difference in the my clients summary judgment motion so judge Peterson was correct in denying the FRCP 56 D continuance and I would suggest that her or the correctness of that decision is reflected in the fact that between the time the discovery answers were provided with the 5,000 pages of documents through the time that the summary judgment was entered there was not any motion made by mr. Spencer to supplement the record or to renew this 56 F motion or submit evidence in support of the 56 not 56 F 56 D motion notwithstanding the fact that you have those discovery answers turning to the merits of the case there's two primary issues that I believe are certainly dispositive of the federal causes of action and are likewise dispositive of the state law causes of action the first of which is as addressed by mr. pool is the existence of probable cause and as a court I do not recognized it is for this court to decide whether or not there was in fact probable cause in addition to what the trial court set forth in that regard and specifically the fact that there was a known forged document that was in mr. Spencer's possession that we know that he fact he faxed to his employer for the purpose of having his the garnishment of his wages stopped we also know that at the beginning of this one of the first things he did was to obtain a complete copy of the court file from the underlying civil action and that underlying civil action contained as one of the pleadings a December 1st 2017 findings of fact and conclusions of law in support of sanctions that was entered by judge Moreno and in that document judge Moreno found as a conclusion of or as a conclusion of fact that one or more of the plaintiffs and their counsel sent an order purporting to be signed by judge Moreno to Burlington Northern and that that document was a forgery judge Moreno also in that same document found quote on or October 23rd 2017 Quanah and Gwen Spencer filed a false police report with the Spokane County Sheriff's Office regarding SAS in Oregon's lawful attempts to collect upon its judgment against them judge Moreno found as a Quanah Spencer for representing to the public that knowingly false documents were well grounded in fact warranted by existing law and not in and not interposed for an improper purpose so when we get back to one of your honors asking about evidence of intent or whether it was reasonable for a detective Lebsack to start his investigation by looking into Quanah Spencer I think that in addition to the fact that he facts that forged document to his employer we do have to look at the order and what judge Moreno found is a conclusion of fact the argument against the dismissal of the Fourth Amendment claim case in addition to the argument that there's not probable causes that there was judicial deception and as it relates to the judicial deception Mr. Spencer never identified for the court any knowingly false representation made by detective Lebsack to the court or any knowingly false omission made to the court instead mr. Spencer argues essentially that mr. Lebsack or detective Lebsack was mr. Cronk Cronk Jotter wits at all times represented the Spencers when it was known from the court record that mr. can draw the wits had not shown up for a hearing and likewise that detective Lebsack should have known that it was common practice for the court or for an attorney to fax such an order to an employer of course when detective Lebsack presented that information to Superior Court Judge Harold Clark in seeking the arrest warrant judge Clark would of course known for that that wasn't in fact how these orders are generally communicated to employers so judge Peterson underwent the correct analysis she looked at detective Lebsack's affidavit removing what was that there was probable cause for the arrest as it relates to the argument additional discovery was needed in order to look at the intent of detective Lebsack as the court is aware case law could not be any more clear that intent as if there is probable cause the intent of the officer is not relevant as it relates your honors to the 14th Amendment due process claim the trial court correctly found that mr. spent Spencer could not establish that he was evidence of that is the fact that mr. can draw the wits was investigated he was prosecuted and he was convicted and so the disparate treatment aspect of both the selective enforcement and selective prosecution claims are is absent and therefore again the need for the court to look at the intent of Lebsack is missing so for those reasons your honors I would ask the court affirm the trial courts correct decision that these claims against my clients were properly dismissed thank you your honors thank you mr. McFarland think we will now proceed to mr. Kirkpatrick thank your honor may it please the court I'm attorney Evans in Spokane County as the courts probably well aware that the deputy prosecuting attorney Evans requested a warrant for mr. Spencer's arrest and he had to do that because I'll call it the default mechanism of the court rules generally starts off with the presumption that a subpoena or I'm sorry summons will be issued and for the reason stated deputy prosecuting attorney Evans thought that a warrant was justified in this case and as a side note I'd note that his motivation for seeking a warrant versus a summons doesn't matter for purposes of discovery when he did serve submit his certificate he did so as the deputy prosecuting attorney and it was in argument for the warrant and what he was arguing was that good cause exists for the warrant and the reasons he gave or set forth in the certificate and that is the nature of the allegations being one of them now that clearly is something that a complaining witness doesn't do that something that a prosecuting attorney does second argument was defendants multi-state business dealings in Washington and Montana and importantly states that there is a potential risk for the defendant to seek refuge outside the state of Washington again that's an argument based on the information that was provided number three was he references information he got from detective left sock regarding mr. Spencer's residence and that he may not respond to summons again may not is an argument he's not certifying any sort of facts finally the potential for defendant interfering with the administration of justice justice Friedland or judge Friedland indicated that that's certainly a reasonable thing to be concerned about whether or not mr. Spencer may seek to destroy evidence and the best way to avoid that in mr. Evans's opinion was to seek this warrant so based on those the warrant was issued and again nothing that mr. Evans did places him in the position of being a complaining witness or a competent witness as that phrase is used in the Kalina case cited by mr. Spencer as the aware and Kalina the prosecutor filed an affidavit in support of probable cause the certificate was for determination of probable cause mr. Evans didn't do that the probable cause affidavit was filed by detective left saw and from that affidavit mr. Evans then made the arguments in favor of the in seeking the warrant as opposed to the summons we cited a number of cases that support our argument where a prosecutor acting in support of furthering the prosecution beginning the prosecution acting as a lawyer is entitled to absolute immunity and the exceptions exist where they're doing administrative work doing investigative work and none of those situations exist in this case in fact some of the cases we cited there were instances where either an affidavit or some sort of a certificate was used and the court concluded that regardless the prosecutor was acting in his role as a prosecutor furthering the lineage of the investigation and the prosecution this also applies to decisions by a prosecutor on when to dismiss the case and we cite Anderson versus city of Bellevue so there is reference made by and that again is a prosecutor's decision which entitles them to immunity the reasons for the immunity are long listed in the Imbler case and they certainly apply here and there's been nothing provided that I've seen which would indicate that this case falls under a Kalina sort of exception where the prosecutor is swearing to facts as a basis for probable cause as opposed to making legal arguments and so I think I'm proud to say I'm the first attorney today that's going to end short and if anyone has questions I'm happy to address them thank you well no no questions here that's therefore go to mr. triple okay thank you thank your honor I think we have to be careful here about making references to things that aren't actually in the record and the references to discovery the qualitative natures of it the quantitative natures of it is actually not in the record and the briefing from lacked references to the record in that regard because the record really actually does not have the discovery that they point to and for that matter 5,000 pages for review after a response is due is the very reason we have relief under 56 D there's also additional discovery that was outlined with specificity to the trial court that would have related to issues on the protection claims which hasn't been noted that under for example the Spencer be Peters case probable cause its presence or absence is actually not material to the equal protection claims which mr. Spencer has alleged here so the probable cause issue is there a question so we cannot resolve the equal protection claims with the argument that we heard about probable cause or the analysis relating to probable cause I would also note that the gas show and the Vasquez case both point out that you don't accomplish presenting evidence of specific intent by mere possession so the highlighting of the fact that there was possession of the order and faxing of the order actually does not get you to specific intent under the applicable law here also notably the underlying court record in reference to the Superior Court judges order which contextually was presented ex parte and was immediately vacated once there was an actual presentation about it but regardless it's notable that detective let's off did not mention one word that was just mentioned in argument about that order in his probable cause affidavit which means what was presented to the trial judge which is material is the affidavit it makes no mention of that protection claim who was similarly situated mr. Kondratowicz and then in addition we have even though he didn't fax the document it didn't have the same financial motive he was named as a suspect and had put his name on the fleeting paper and failed to show at a show pause hearing directly relating to the case that he was representing clients on so with notice he failed to appear and in my experience if the attorney does not show for such a hearing I think that's actually more than a red flag also in addition the issue with the continuing prosecution and again the 14 amendment questions are independent of probable cause and we presented evidence again this case you know was dismissed before had an opportunity to actually travel any distance there is reason to believe and we presented evidence that there was a disparate treatment of mr. Spencer based on his minority status as a Native American oh no evidence correct mr. pool that mr. Kondratowicz had a financial would gain financially by the forging of this document well he continued to receive the payment of fees or he had the ability to continue and perpetrate a fraud related to his representation so he maintained for a time the ability to be an attorney to a client that he was making misrepresentations to that oh well there are a number of frauds that he perpetrated that additionally were in the record not investigated but they for a time allowed him to keep that going and I just wanted to mention also that the selective the failure to actually take the genuine complaint by mr. Spencer and investigate it is also an equal protection violation because it's a failure to provide protective services which was also not confronted by the appellees or resolve properly under the facts and law by the district court I see that my I believe my four minutes has expired absent any further questions I would just ask that the district courts order be reversed in its entirety and in addition and alternatively that the order be reversed so that proper discovery can be deducted conducted for a fair opportunity to respond to the motions that were absent any other questions thank you your honors and thank you mr. Paul let's see judge Freeland judge Otaki that's a view of questions hearing none I have no questions so I'll thank all three of the advocates for presenting forceful and helpful arguments to us we really appreciate it and thanks for undergoing the extra burdens that come with the pandemic that we can hear without further ado the Spencer case and to be city of Spokane and the officer shall now be submitted and the parties will hear from the court in due course thanks again thank you thank you your honors
judges: Gould, Friedland, Otake